UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| CITY OF BOLIVAR, MISSOURI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civ. No. 16-3444-CV-S-JTM |
| | ) | |
| UNITED STATES ENVIRONMENTAL | ) | |
| PROTECTION AGENCY, and | ) | |
| | ) | |
| JAMES B. GULLIFORD, in his capacity as | ) | |
| Regional Administrator of Region VII of the | ) | |
| Evironmental Protection Agency, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER OF STAY OF PROCEEDINGS**

Pending before the Court is the joint motion of Plaintiff City of Bolivar, Missouri ("Bolivar"), and Defendants United States Environmental Protection Agency and Regional Administrator James B. Gulliford, EPA Region 7 (collectively "Defendants" or "EPA") to stay the proceedings in this matter for two years from the date of the Order granting a stay, subject to the conditions set forth in the joint motion. [Doc 10]. After due consideration of the issues presented by the parties, the Court finds that entry of the requested stay will conserve the resources of the parties and serve the interests of judicial economy. If the variance is adopted by Missouri and approved by EPA, it will result in the dismissal of this case without the need for briefing and adjudication. Accordingly, it is

**ORDERED** that the joint motion to stay the proceedings in this case for a period of up to two years from the date of this ORDER is **GRANTED**, upon the terms listed in Paragraphs 1 through 6 below:

1. If the State of Missouri adopts and submits a "water quality standard" ["WQS"] variance following a public participation process consistent with federal and State requirements, and EPA approves the variance before the expiration of the stay, the parties will jointly move to dismiss this case.

2. If either the State of Missouri fails to adopt and submit the variance following a public participation process consistent with federal and State requirements within the stay period, or EPA disapproves the variance within the stay period, Bolivar may move to lift the stay and resume the current case challenging the Piper Creek "Total Maximum Daily Load" ["TMDL].

3. If the variance is not adopted by Missouri or approved by EPA by the close of the stay period, but it appears that the process of adopting or reviewing the application is continuing with a reasonably certain endpoint, the parties may move the Court to extend the stay for a reasonable period of time, but neither party is obliged to seek or consent to an extension of the stay.

4. Either party, with 30 days advance notice to the other party, may move to lift the stay for any reason.

5. The parties will submit joint or separate quarterly status reports during the pendency of the stay, informing the Court of the status of the application, submission, and/or approval or disapproval of the variance.

6. If the stay is terminated, the parties agree to work in good faith to establish a briefing schedule to resolve the merits of Bolivar's claims. All parties will retain all claims and defenses as if the stay had not been entered.

**IT IS SO ORDERED.**

*/s/ John T. Maughmer*
**John T. Maughmer**
**United States Magistrate Judge**

Dated: April 3, 2018